UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JUDSON HOLBROOK,

    Plaintiff,

v.

STATE OF MICHIGAN,

    Defendant.

Case No. 20-10205
Honorable Laurie J. Michelson

**OPINION AND ORDER TRANSFERRING PETITION TO COURT OF APPEALS AS A SECOND OR SUCCESSIVE PETITION AND REFUNDING FILING FEE**

In 2010 Charles Judson Holbrook was convicted in state court of two counts of producing child sexually abusive material, two counts of allowing a child to engage in child sexually abusive activity, two counts of possessing child sexually abusive material, accosting a child for immoral purposes, and being a felon in possession of a firearm. *See Holbrook v. Rapelje*, No. 13-13137, 2016 U.S. Dist. LEXIS 189160 (E.D. Mich. Apr. 1, 2016). Holbrook currently is incarcerated in the St. Louis Correctional Facility in Michigan, where he is serving a term of 15 to 40 years. *See id.* (ECF No. 1, PageID.2.) Holbrook's original petition for a writ of habeas corpus was denied on the merits. *See id.* Now, he seeks his release under 42 U.S.C. § 1983, asserting that he was convicted without evidence. (ECF No. 1, PageID.4.)

Specifically, Holbrook alleges that the police "smashed their way into our home" in order to "settle a grudge," without a search warrant or probable cause. (ECF No. 1,

1

PageID.7.) "Since then," he continues, "the state has violated all of our constitutional rights and protections. I have been sent to prison for the rest of my life. There has been no crime. The State has no evidence of any crime. The State knows it." (*Id.*) His alleged injury is that he has been "locked [up] since August, 2009." (ECF No. 1, PageID.8.) And in the complaint's section titled "Relief," Holbrook simply states: "I want out." (*Id.*)

This is the latest in a long line of cases in which Holbrook has sought to overturn his state-court convictions in federal court. He has attempted to file numerous other habeas petitions, but the Sixth Circuit repeatedly has denied him authorization to do so under 28 U.S.C. § 2244(b)(3). *See In re Holbrook*, No. 18-2109, 2019 U.S. App. LEXIS 4730 (6th Cir. Feb. 15, 2019); *In re Holbrook*, No. 17-2242, 2018 U.S. App. LEXIS 7196 (6th Cir. Mar. 21, 2018); *In re Holbrook*, No. 17-2327, 2018 U.S. App. LEXIS 7192 (6th Cir. Mar. 21, 2018); *In re Holbrook*, No. 17-1950, 2018 U.S. App. LEXIS 67 (6th Cir. Jan. 2, 2018); *In re Holbrook*, No. 17-1839, 2018 U.S. App. LEXIS 64 (6th Cir. Jan. 2, 2018); *In re Holbrook*, No. 17-1540, 2017 U.S. App. LEXIS 19555 (6th Cir. Oct. 5, 2017); *In re Holbrook*, No. 17-1518, 2017 U.S. App. LEXIS 19045 (6th Cir. Oct. 2, 2017); *In re Holbrook*, No. 17-1444, 2017 U.S. App. LEXIS 19044 (6th Cir. Oct. 2, 2017).

Holbrook also has repeatedly attempted to challenge his conviction under § 1983. *See Holbrook v. Pols*, 17-292, 2017 U.S. Dist. LEXIS 143300 (W.D. Mich. May 18, 2017); *Holbrook v. Pols*, No. 16-237, 2017 U.S. Dist. LEXIS 143303 (W.D. Mich. Jan. 30, 2017); *Holbrook v. Pols*, No. 16-1151, 2016 U.S. Dist. LEXIS 176450 (W.D. Mich. Dec. 21, 2016); *Holbrook v. Redford*, No. 16-829, 2016 U.S. Dist. LEXIS 148880 (W.D. Mich. Oct. 27, 2016); *Holbrook v. Pols*, No. 16-118, 2016 U.S. Dist. LEXIS 189409 (W.D. Mich. June

24, 2016); *Holbrook v. Pols*, No. 16-78, 2016 U.S. Dist. LEXIS 189414 (W.D. Mich. May 31, 2016); *Holbrook v. Haehnel*, No. 16-19, 2016 U.S. Dist. LEXIS 38207 (W.D. Mich. Mar. 24, 2016); *Holbrook v. Pols*, No. 15-170, 2016 U.S. Dist. LEXIS 15520 (W.D. Mich. Feb. 9, 2016).

A prisoner's challenge to his confinement may only be brought as a petition for habeas corpus—not as a civil rights action pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Holbrook's latest complaint challenges his confinement by alleging that he was improperly convicted and stating, "I want out." (ECF No. 1, PageID.8.) His suit "is, in substance and form, an attack on [his] state-court convictions"—which makes it a successive habeas petition. *See Warren v. Burt*, No. 18-12282, 2018 WL 4608475, at *1 (E.D. Mich. Sept. 25, 2018); *accord Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001) ("[T]he Rules require that we not rely solely on labels in a complaint, but that we probe deeper and examine the substance of the complaint.").

But Holbrook may no longer bring a habeas corpus petition unless he receives authorization from the Sixth Circuit. *See, e.g.*, *In re Holbrook*, No. 18-2109, 2019 U.S. App. LEXIS 4730, at *3–4 (6th Cir. Feb. 15, 2019). As 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Nothing suggests that Holbrook has complied with the statutory mandate to seek an order from the Sixth Circuit authorizing this Court to consider his petition.

Since the petition now before the Court is a "successive" habeas petition, the Clerk of the Court shall TRANSFER Holbrook's petition to the Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631, for a determination of whether this Court may consider Holbrook's habeas claims. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

Finally, the docket indicates that Holbrook paid a $400 filing fee. The filing-fee requirements of a prisoner civil rights suit do not apply to a habeas petition, *see Kincade v. Sparkman*, 117 F.3d 949, 951–52 (6th Cir. 1997), and the Court has determined that this suit is a habeas petition. So the Clerk of Court shall REFUND the filing fee paid by Holbrook, minus the $5 filing fee for a habeas action.

IT IS SO ORDERED.

Dated: April 8, 2020

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE